UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
-------------------------------------------------------x
STEPHEN CARRIER.,                    :
an individual,                       :    CASE NO.:
                                     :
        Plaintiff,                   :
                                     :    Judge:
vs.                                  :
                                     :
                                     :    Magistrate:
3841 Veterans Boulevard Partnership, :
                                     :
        Defendant.                   :
-------------------------------------------------------x
```

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, STEPHEN CARRIER, by and through his undersigned counsel, hereby files this original Complaint and sues 3841 Veterans Boulevard Partnership, (collectively referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This is also an action for declaratory and injunctive relief and money damages pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*, (see also 28 U.S.C. § 2201 and § 2202). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

1

3. Plaintiff, STEPHEN CARRIER, (hereinafter referred to as "MR. CARRIER"), is a resident of Jefferson Parish, Louisiana. MR. CARRIER resides at 3410 Severn Avenue, Metairie, Louisiana 70002.

4. MR. CARRIER is a qualified individual with a disability under the ADA. MR. CARRIER is a T-10 paraplegic.

5. Due to his disability, MR. CARRIER is substantially impaired in several major life activities and uses a wheelchair to ambulate.

6. Specifically, MR. CARRIER is unable to walk, stand, or use his legs without assistance.

7. Upon information and belief, DEFENDANT is a partnership organized in the State of Louisiana and doing business in Jefferson Parish.

8. Upon information and belief, DEFENDANT is the owner and operator of the real properties and improvements that are the subject of this action, to wit: 3841 Veteran's Memorial Boulevard, Metairie, Louisiana 70002. (hereinafter referred to as "the Property").

9. The Property is a place of public accommodation and offers a cell phone store, a Subway restaurant, and a frozen yogurt store.

10. As the owner and operator of the Property, DEFENDANT is obligated to comply with the ADA.

11. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

**COUNT I - VIOLATION OF TITLE III OF THE**

## AMERICANS WITH DISABILITIES ACT

12. MR. CARRIER realleges and reavers Paragraphs 1 - 11 as if they were expressly restated herein.

13. The Property is a place of public accommodation, subject to the ADA, generally located at: 3841 Veteran's Memorial Boulevard, Metairie, Louisiana 70002.

14. MR. CARRIER has desired to visit the Property numerous times in the past and presently desires to visit the Property.

15. MR. CARRIER lives within one and a half miles of the Property.

16. MR. CARRIER last visited the Property on May 3, 2016, during which time he patronized the Subway restaurant.

17. MR. CARRIER is presently aware that if he were to try to visit the Property, he would experience serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 21 of this Complaint.

18. MR. CARRIER continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 21 which still exist.

19. MR. CARRIER intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subject of this action.

20. MR. CARRIER also intends on traveling to the Property in the near future to see if the barriers to access described in Paragraph 21 still exist or have been modified.

21. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to

the following barriers which presently exist at the Property:

  I.  UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

   A. There is a complete absence of accessible-designated parking.

   B. In front of the Acropolis store, there is a dangerously steep curb ramp which lacks side flairs or edge protection.

   C. At the entrance to the Property near Veterans Boulevard, there is an impermissible cross slope along the promenade of the Property.

   D. At the entrance to the Property near Taft Park, there is an impermissible cross slope along the promenade of the Property.

   E. There is a lack of level clear floor space in front of the Subway entrance.

   F. The curb ramp at the Taft Park entrance is broken and cracked with impermissible thresholds and gaps.

   G. Other mobility-related ADA barriers to be identified following a complete inspection of the Property.

22. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

23. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

24. Upon information and belief, DEFENDANT has failed to remove the barriers to access which exist at the Property, even though their removal is readily achievable.

25. Upon information and belief, removal of the barriers to access located on the Property would provide MR. CARRIER with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

26. Independent of his intent to return as a patron to the Property, MR. CARRIER additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

27. MR. CARRIER has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. CARRIER is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. CARRIER demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. CARRIER; and

D.  That this Court award such other and further relief as it deems necessary, just and proper.

                    Respectfully Submitted,

                    THE BIZER LAW FIRM
                    Attorneys for Plaintiff
                    Andrew D. Bizer (LA # 30396)
                    andrew@bizerlaw.com
                    Garret S. DeReus (LA # 35105)
                    gdereus@bizerlaw.com
                    Marc P. Florman, Esq. (LA # 35128)
                    mflorman@bizerlaw.com
                    3319 St. Claude Ave.
                    New Orleans, LA 70117
                    T: 504-619-9999; F: 504-948-9996

                    By:/s/ Garret S. DeReus
                        Garret S. DeReus