UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEPHEN CARRIER                                    CIVIL ACTION

VERSUS                                             NO. 16-6648

WEBER PROPERTY GROUP, L.L.C.[1]                    SECTION "N" (2)

## FINDINGS AND RECOMMENDATIONS

This is an action by plaintiff, Stephen Carrier, against a commercial property owner
asserting claims of failure to comply with the building accommodation requirements of the
Americans With Disabilities Act ("ADA"). 42 U.S.C. § 12181 et seq. The substantive
claims were resolved by the court's entry of a consent decree that was agreed upon by the
parties. Record Doc. Nos. 22-2, 23. The consent decree provides in pertinent part that "the
Plaintiff is the prevailing party to this action as defined under the [ADA]." Record Doc.
No. 22-2, at p. 6, ¶ 9.

As prevailing party, plaintiff filed his motion for an award of attorney's fees and
costs, originally seeking $7,734.60 in attorney's fees and $592.50 in costs. Record Doc.
No. 24. Defendant, Weber Property Group, L.L.C. ("Weber Property"), filed a timely
memorandum in opposition to the motion, in which it concedes that plaintiff is the
prevailing party for purposes of the ADA. Defendant offered no objection to the amount
of costs requested, but argued that the amount of fees sought is unreasonable. Record Doc.

[1]The original complaint erroneously identified the defendant as 3841 Veterans Boulevard
Partnership. This error was amended and corrected by order of the court on June 6, 2016. Record Doc.
Nos. 5-7. The caption of these Findings and Recommendations reflects this correction of the original
filing.

No. 25.  Plaintiff was permitted to file a reply memorandum, in which he added an additional $1,409.30 in attorney's fees to his original request, Record Doc. No. 29-1 at p. 2, bringing the total of attorney's fees sought to $9,143.90.  The presiding district judge referred plaintiff's motion to me for preparation of findings and recommendations as to the amounts to be awarded.   Record Doc. No. 38.

At the request of Weber Property, oral argument was conducted on May 3, 2017.[2] Defendant's presentation at the hearing consisted not of the oral argument of its counsel but of a lengthy statement by its individual principal, Skip Weber, who expressed his dissatisfaction that the filing and service of this lawsuit was his first notice of any ADA issue concerning his property; stated that, if plaintiff had only come to him directly with his complaints, Mr. Weber would have addressed the problems voluntarily, without the need either for him or plaintiff to incur any legal fees whatsoever; and argued that the amount of fees sought by plaintiff's counsel is unreasonably high.[3]

Having considered the written submissions of the parties, their oral presentations at the May 3rd hearing, the record and the applicable law, I find and recommend that plaintiff's motion should be GRANTED IN PART AND DENIED IN PART, in that, while

---

[2]At oral argument, plaintiff's counsel stated that he would add one hour and 30 minutes of time to his fee request to compensate him for time preparing for and appearing at the hearing.

[3]I strongly recommend to the presiding district judge who receives these findings and recommendations that he review the full transcript of the oral presentation of defendant's principal and my response in the transcript of those proceedings filed in this matter at Record Doc. No. 33.

an award of attorney's fees and costs should be made, the amount of plaintiff's requested attorney's fees should be reduced.

I.    PROCEDURAL BACKGROUND

Weber Property "does not dispute the fact that Plaintiff is entitled to an award of reasonable attorney's fees; its opposition is based solely on the amount of his request." Record Doc. No. 25 at p. 1. Defendant's position in this regard is an accurate reflection of the applicable law. As noted above, the consent decree, to which defendant agreed, expressly identifies plaintiff as the "prevailing party." Under the ADA, an award of attorney's fees to the prevailing party is directed to the court's discretion. "In any action . . . commenced pursuant to this chapter, the court . . . , in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205 (emphasis added). The court's discretion in this regard is substantially circumscribed, however, by binding precedent.

"To be entitled to an award of attorney's fees, plaintiffs must either receive an adjudicated judgment on the merits or persuade the defendant to enter into a consent judgment that provides for some sort of fee award." Pamela S. Karlan, Disarming the Private Attorney General, 2003 U. Ill. L. Rev. 183, 207 (2003) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001); Evans v. Jeff D., 475 U.S. 717, 742-43 (1986)).

The same "'considerations that govern fee-shifting under . . . 42 U.S.C. § 1988 apply to the ADA's fee-shifting provision, because the almost identical language in each indicates Congress's intent to enforce them similarly.'" Deutsh v. Jesus Becerra, Inc., 668 F. App'x 569, 570-71 (5th Cir. 2016) (quoting No Barriers, Inc. v. Brinker Chili's Tex., Inc., 262 F.3d 496, 498 (5th Cir. 2001)). The Fifth Circuit has "consistently acknowledged in civil rights cases" that "'a prevailing plaintiff . . . is presumptively entitled to reasonable attorney's fees, unless a showing of 'special circumstances' is made that would deem such an award unjust.'" Id. (quoting Dean v. Riser, 240 F.3d 505, 508 (5th Cir. 2001) (emphasis added).

As plaintiff rightly points out, courts have indicated that such requests "should not spawn major ancillary litigation." Record Doc. No. 224-1 at p. 5 (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Assoc'd Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd., 919 F. 2d 374, 379 (5th Cir. 1990)). Contrary to this admonition, however, Carrier's motion was initially supported by an unnecessarily lengthy 14-page memorandum; the affidavits of his two attorneys who recorded work on this matter; the affidavit of a third attorney, who possesses only five years of law practice experience, purporting by opinion testimony to attest to the reasonableness of the hourly rates requested; the contemporaneous time sheets describing the work done by plaintiff's attorneys; and invoices reflecting the costs expended on this litigation. Record Doc. Nos. 24-1 through 24-8. Defendant's opposition memorandum consisted of only three pages.

Yet, plaintiff subsequently submitted additional affidavits, time records and a request for more fees concerning his attorneys' preparation of a reply memorandum to defendant's opposition.  Record Doc. No. 29.

Both sides agree that calculation of recoverable attorney's fees begins with the familiar lodestar evaluation, which involves multiplying the reasonable hourly rates of plaintiff's lawyers by the reasonable number of hours expended.  Carrier seeks to recover $9,143.90, including for 20.78 hours for his more senior attorney at $325.00 per hour ($6,753.50); 9.78 hours for his junior attorney at $225.00 per hour ($2,200.50); and 2.11 hours for a paralegal at $90.00 per hour.

Weber Property argues that the requested time should be reduced because of plaintiff's counsel's unreasonably high attorney's fee demands during settlement negotiations; excessive time spent on the matter by plaintiff's higher billing, more senior attorney, when the lower rate of the more junior attorney was sufficient to handle such a routine, largely uncontested lawsuit; and more than half of what is sought relates to the attorney's fee litigation, rather than the substantive claims themselves.

II.    STANDARDS FOR AN AWARD OF ATTORNEY'S FEES

As the parties agree in this case, the lodestar method is routinely used to determine attorney's fee awards in federal civil actions and applies in this case brought under a federal statute.  Under the lodestar method,

> [t]he determination of a fees award is a two-step process.  First the court calculates the "lodestar[,]" which is equal to the number of hours reasonably

expended multiplied by the prevailing hourly rate in the community for similar work.  The court should exclude all time that is excessive, duplicative, or inadequately documented.  Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)[, abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)].

Jimenez v. Wood Cnty., 621 F.3d 372, 379-80 (5th Cir. 2010) (citations omitted).

"The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account.  Such reconsideration is impermissible double-counting."  Heidtman v. Cnty. of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)); accord Perdue v. Kenny A., 559 U.S. 542, 546 (2010).

The Johnson factors are:

(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

Johnson, 488 F.2d at 717-19.

"[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel."  Migis v. Pearle Vision, Inc., 135 F.3d 1041,

1047 (5th Cir. 1998) (citation omitted).  Three of the <u>Johnson</u> factors, complexity of the issues, results obtained and preclusion of other employment, are presumably fully reflected and subsumed in the lodestar amount.  <u>Heidtman</u>, 171 F.3d at 1043 (quoting <u>Pennsylvania v. Del. Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565 (1986); <u>Shipes</u>, 987 F.2d at 319-22 & n.9).  After <u>Johnson</u> was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent.  The <u>Johnson</u> factors are taken into account after the court has determined the lodestar amount.  <u>Walker v. U.S. Dep't of Housing & Urban Dev.</u>, 99 F.3d 761, 772 (5th Cir. 1996) (citing <u>City of Burlington</u>, 505 U.S. at 567).

The lodestar "is presumptively reasonable and should be modified only in exceptional cases."  <u>Watkins v. Fordice</u>, 7 F.3d 453, 457 (5th Cir. 1993) (citing <u>City of Burlington</u>, 505 U.S. at 562); <u>accord</u> <u>Perdue</u>, 559 U.S. at 546, 552; <u>Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.</u>, 685 F.3d 486, 490 (5th Cir. 2012); <u>Jimenez</u>, 621 F.3d at 380. Although the party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorneys' qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted.  <u>Hensley</u>, 461 U.S. at 433; <u>Wegner v. Std. Ins. Co.</u>, 129 F.3d 814, 822 (5th Cir. 1997); <u>La. Power & Light Co. v. Kellstrom</u>, 50 F.3d 319, 329 (5th Cir. 1995) (hereinafter "<u>LP&L</u>").  As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded.  <u>Watkins</u>, 7 F.3d at 457.

"Moreover, the court need not explicitly calculate the lodestar to make a reasonable award." No Barriers, Inc., 262 F.3d at 500-01 (citing Von Clark v. Butler, 916 F.2d 255, 259 (5th Cir. 1990); Wegner, 129 F.3d at 822-23).

> The fee applicant . . . must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

Fox v. Vice, 563 U.S. 826, 838 (2011); see also Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1187 (2017) (quoting Fox, 563 U.S. at 838) (Trial courts "'need not, and indeed should not, become green-eyeshade accountants' (or whatever the contemporary equivalent is).").  "If the district court has articulated and clearly applied the correct criteria, [the appeals court] will not require the trial court's findings to be so excruciatingly explicit in this area of minutiae that decisions of fee awards consume more paper than did the cases from which they arose." In re High Sulfur Content Gas. Prods. Liab. Litig., 517 F.3d 220, 228-29 (5th Cir. 2008) (quotations and citations omitted).

III.   ANALYSIS

A.   Reasonable Hourly Rates

Plaintiff seeks fees for a total of 32.67 hours expended by two attorneys and a paralegal billing at different rates.  He requests hourly rates of $325 for the work of attorney Andrew Bizer, $225 for attorney Garret DeReus and $90 for a paralegal.

Bizer states in his affidavit that he has practiced law for 14 years. He is a frequent filer of precisely this kind of lawsuit in this court, typically on behalf of the same several plaintiffs. DeReus, his partner, engages in the same kind of practice. DeReus has practiced law for only four years.

An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. LP&L, 50 F.3d at 329. However, less than one year ago, Bizer requested and was awarded an hourly rate of only $275 per hour by Judge Zainey of this court in one of Bizer's numerous other, substantially similar cases. Yadi Mark v. Covington City et al., C.A. No. 15-5977"A"(4), Record Doc. No. 30 at pp. 3-4 (July 8, 2016). Judge Zainey concluded at that time that "an hourly rate of $275 is reasonable and in accordance with the prevailing market rates for an attorney with Mr. Bizer's experience, skill, and reputation." Id. at p. 4. In that same recent order, Judge Zainey also rejected the requested rate of $225 per hour for DeReus, finding it "out of sync with prevailing market rates for attorneys of [his] . . . experience[ ], skill, and reputation[ ]." Id. Instead, Judge Zainey found that hourly rates of $150 for DeReus and $75 for the firm's paralegal were reasonable and appropriate.

In their motion papers in the instant case, plaintiff's counsel offer no persuasive reason why their fee application filed less than eight months after Judge Zainey's findings should be increased so dramatically. Like Judge Zainey, I find that hourly rates of $275

for Bizer, $150 for DeReus and $75 for their paralegal are reasonable and within prevailing market rates. See, e.g., Mr. Mudbug, Inc. v. Bloomin' Brands, Inc., No. 15-5265, 2017 WL 736044, at *2 (E.D. La. Feb. 24, 2017), aff'd, 2017 WL 2274954 (E.D. La. May 25, 2017) (using lodestar method for discovery sanction and awarding hourly rates of $300, $240, $210 and $190 for attorneys with 17, 10, 4 and 1 years of experience, respectively); Warder v. Shaw Grp., Inc., No. 09-4191, 2016 WL 3447950, at *2-3 (E.D. La. June 23, 2016) (using lodestar for discovery sanction and awarding hourly rates of $325 for partner with 14 years of experience, $300 for associate who nonetheless had 20 years of experience in complex commercial litigation and $130 for paralegal); Banegas v. Calmar Corp., No. 15-593, 2016 WL 6276779, at *2 (E.D. La. Oct. 27, 2016) (awarding $250 per hour for Fair Labor Standards Act work to the same attorneys as in Calix v. Ashton Marine LLC, No. 14-2430, 2016 WL 4194119, at *5 (E.D. La. July 14, 2016), report & recommendation adopted, 2016 WL 4180977 (E.D. La. Aug. 8, 2016), in which this court awarded $200 per hour for attorneys who had practiced for 5 years, but had little experience litigating FLSA cases); Hobson v. Abe Dev. LLC, No. 15-1480, 2016 WL 4592170, at *2 (E.D. La. Sept. 2, 2016) (hourly rates of $250 and $275 in civil rights case to lawyers with "roughly ten years of experience"); Gahagan v. U.S. Customs & Border Prot., No. 14-2619, 2016 WL 3090216, at *14 (E.D. La. June 2, 2016) ($200 per hour for attorney with 8 years of experience in immigration and Freedom of Information Act cases); Loiacano v. DISA Global Solutions, No. 14-1750, 2016 WL 2926679, at *2 (E.D. La. May 19, 2016) (denying

-10-

requested hourly rates of $630 and $435 for partners and $347 for an associate, and awarding $350 for partners, $205 for associate and $150 for paralegal as discovery sanction); Cacho v. Gusman, No. 11-225-SS, 2014 WL 4854737, at *6 (E.D. La. Sept. 29, 2014) (in civil rights action, awarding hourly rates of $185 for attorney with 11 years of experience and $150 for attorneys in practice for 3 to 5 years); Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC, No. 10-4151, 2014 WL 5039670, at *8 (E.D. La. Sept. 25, 2014) ($325, $275 and $225 per hour for attorneys with 19, 7 and 4 years of experience, respectively, in breach of contract case); Guity v. Lawson Envtl. Serv., LLC, No. 11-2506, 2014 WL 4723295, at *6-8 (E.D. La. Sept. 23, 2014) (hourly rates of $250 to $290 for partners and $150 to $175 for associates in indemnity case).

      B.    Reasonable Hours

Next, I must determine the reasonable number of hours that plaintiff's counsel expended on this litigation. I find that the attorneys' time is generally well documented. For the reasons discussed below, however, I find that the time expended by plaintiff's attorneys must be divided into two distinct components and evaluated separately.

      (1)    Time Incurred Until Entry of the Consent Decree

The first component of time incurred consists of the hours expended from the outset of the litigation through the court's approval of the consent decree on January 18, 2017. Record Doc. No. 23. These are the hours spent on the substantive portion of the case, including client consultation, investigation, pleading, disclosures, settlement negotiations

and settlement consummation.  This time is reflected in plaintiff's submissions at Record

Doc. No. 24-4 at pp. 1-5.

"The plaintiffs are charged with the burden of . . . proving that they exercised billing

judgment."  Walker, 99 F.3d at 770 (citation omitted).  Plaintiff's attorneys are required to

exercise billing judgment by "writing off unproductive, excessive, or redundant hours."

Green v. Admin'rs of Tulane Educ. Fund, 284 F.3d 642, 662 (5th Cir. 2002), abrogated in

part on other grounds by Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 63-64

(2006); accord Walker, 99 F.3d at 770.

With the two exceptions noted below, plaintiff's counsel's time and task reports

establish that they exercised adequate billing judgment as to this initial substantive

component of their work by writing off duplicative, inappropriate, unproductive and

occasionally excessive time entries.  Those two exceptions are .20 hours on December 5,

2016, and .10 hours on December 15, 2016, expended by DeReus on "lodestar analysis"

and the "fee brief."  For the reasons discussed below, I find that these hours, like much

other time spent by plaintiff's counsel on their fee application, was unnecessary and

excessive.  After these reductions in the exercise of billing judgment, the evidence

establishes that plaintiff seeks compensation for a total of 17.02 hours in time spent from

the inception of the litigation through the successful conclusion of court approval of the

consent decree.  This time includes 6.6 hours spent by Bizer, 8.83 hours spent by DeReus

and 1.59 hours incurred by their paralegal.  I find these hours reasonable and fully warranted by the evidence, the nature of the work performed and the result achieved.

(2)     Time Incurred on Motion for Attorney's Fees

In contrast to plaintiff's request concerning time spent on the substantive component of the case, the second aspect of his counsel's request – hours spent preparing and litigating the motion for an attorney's fees award – is grossly excessive and exhibits a substantial failure on the part of plaintiff's counsel to exercise billing judgment.  The total time spent by plaintiff's counsel in litigating their fee request, reflected at Record Doc. Nos. 24-4 at pp. 5-6 and 29-1, is 15.25 hours, including 2.47 hours expended before actual preparation of the motion, 7.96 hours by Bizer drafting and reviewing the motion papers and 4.89 hours preparing a reply to defendant's opposition.   Thus, plaintiff's counsel spent only a compensable 17.02 hours bringing the substantive portion of the case to a conclusion, and they seek compensation for an almost equal amount in connection with the fee request. Substantial reduction of a fee request is merited when the application reflects lack of billing judgment, excessiveness and absence of productive effort.

In this case, with these lawyers who frequently prosecute exactly this kind of case in this court in exactly the same way, preparation of a motion for attorney's fees should have been a straightforward matter based upon the same kinds of papers they have filed in other cases, beginning with a paralegal simply retrieving contemporaneously maintained time and task records and ending with a supervising lawyer's review of those records,

exercise of billing judgment as to what they reflect and preparation of motion papers actually useful to the court and appropriate to the particular dispute. Certainly, preparation of affidavits by the lawyers working on a particular file is necessary, but that kind of preparation should not be time-consuming for lawyers like these who frequently prepare the same thing over and over again in precisely this kind of case. Awardable rates for the lawyers of plaintiff's counsel's firm in this case have been the frequent subject of evaluation by this court. As noted above, Judge Zainey made a full evaluation of both the reasonable hourly rates these very lawyers can expect to receive and the kinds of time entries they make on precisely these kinds of cases, all less than one year ago. See also Tasha Herbert v. New Orleans City, C.A. No. 16-2870, Record Doc. Nos. 27-36. Under these circumstances, further legal research, discussion of such issues as "strategy" and "tone" of plaintiff's written argument, and file review, as reflected in the time records of plaintiff's counsel before they began drafting these motion submissions, were wholly unnecessary. All of that time will be deducted.

Similarly, the 7.9 hours of time incurred by Bizer in drafting the motion papers, much of which was to produce a brief that was largely unhelpful, was excessive. Although plaintiff's submissions represent that these time entries "already reflect[] extensive use of prior research and pleadings," Record Doc. No. 24-4 at p. 6, I find that actual use of such extensive, previously prepared materials by a lawyer of Bizer's experience, who has often filed the same kinds of submissions in other cases, should have made reasonable

accomplishment of this simple task doable by the lower billing, junior attorney in no more than three hours, with Bizer expending one hour in supervision and final review.

Finally, I recommend that none of the hours spent by plaintiff's counsel on the reply memorandum should be compensated. The opposition memorandum was brief. Plaintiff's counsel's time records indicate that he needed only 12 minutes to review it. Record Doc. No. 29-1 at p. 1. Plaintiff's reply memorandum was largely useless to the court. It was prepared and submitted after defendant had already requested oral argument, thus putting plaintiff's counsel on notice that he would have the opportunity to respond orally to the opposition memorandum. Preparation of the reply memorandum, primarily to support a request for an additional $1,409.30 in post-consent decree fees, was excessive and unnecessary and crossed the boundary from activities that were reasonably necessary to obtain a prevailing party's rightful and reasonable fee to exploitation for fee generation purposes. The ADA "was never intended to turn a lofty and salutary mission into a fee-generating mill for some lawyers to exploit the statutory scheme to see how many billable hours they could cram into a case." Brother v. Miami Hotel Invs., Ltd., 341 F. Supp. 2d 1230, 1233 (S.D. Fla. 2004). I find that it was plaintiff and his counsel who unnecessarily escalated the fee litigation. Under these circumstances, I find that the only time spent by plaintiff's counsel reflected in the materials attached to his reply memorandum that should be compensated is the .20 hours he spent reviewing defendant's opposition memorandum.

Considering the foregoing conclusions, I find that the only time reasonably incurred by plaintiff's counsel in connection with the second, non-substantive component of their litigation of their motion for an award of attorney's fees consists of one (1) hour of paralegal time to assemble and organize the time and task records needed for attorney review and attachment as exhibits to the motion; three (3) hours of time by DeReus to draft and assemble the motion papers; one (1) hour of time by Bizer to review and finalize the motion papers; .20 hours by Bizer to review the opposition memorandum; and, as agreed upon during the May 3rd hearing, one (1) additional hour for Bizer to prepare for, appear at and participate in the oral argument requested by defendant.

(3)    Summary

Based on the foregoing findings, I conclude that the following time reasonably expended multiplied by the reasonable hourly rates set out above yields the following awardable amounts:

| Billing Professional | Time Through Consent Decree | Time for Fee/Costs Motion | Hourly Rate | Total: Time (x) Rate |
|---|---|---|---|---|
| A. Bizer | 6.60 | 2.20 | $275 | $2,420.00 |
| G. DeReus | 8.83 | 3.00 | $150 | $1,774.50 |
| Paralegal | 1.59 | 1.00 | $75 | $  194.25 |
| | | | Total Lodestar: | $4,388.75 |

After eliminating the other Johnson factors that are subsumed in the lodestar or prohibited from consideration, only four factors remain:  the customary fee, the undesirability of the case, the nature and length of the professional relationship with the

-16-

client, and awards in similar cases. The customary fees have already been evaluated and accepted above in establishing reasonable hourly rates. The nature and length of the professional relationship between plaintiff and his attorneys is unknown, but it is of minimal importance in this overall context. The case was not undesirable. Awards in similar cases have already been taken into account above in establishing the hourly rates. Accordingly, I find that attorney's fees in the amount of $4,388.75 are reasonable and awardable.

C.    Costs

Plaintiff seeks $592.50 in recoverable costs. Defendant does not oppose that portion of plaintiff's motion. Accordingly, all requested costs will be awarded.

CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that defendant, Weber Property Group, L.L.C., be ordered to pay to plaintiff, Stephen Carrier, $4,981.25 in reasonable attorney's fees and costs, all as reflected above.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[4]

New Orleans, Louisiana, this ____14th____ day of June, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4]<u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.